IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 4:09-cr-25-RH-GRJ

TONY EDWARD DENSON,
_____/

**O R D E R**

This matter is before the Court on Doc. 80, Petitioner's "Motion for Permission to Amend and/or Supplement Movant's 28 U.S.C. § 2255 to Vacate and Set Aside or Correct Sentence by a Federal Prisoner." Petitioner wishes to amend his petition under § 2255 to include an argument that insofar as his challenge to his designation as a career offender was procedurally defaulted, that default should be excused because he is actually innocent of the career offender designation. (Doc. 80, at 2.) The Government has filed a response, Doc. 82, and the motion is therefore ripe for decision. For the reasons set forth below, the motion is due to be denied.

Petitioner was indicted in this case on April 7, 2009 and charged with three counts of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and (b)(1)(c); and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g), 924(a)(2). (Doc. 9.) On June 12, 2009, Petitioner entered a guilty plea to Counts Three and Four of the indictment, and the Court dismissed Counts One and Two of the indictment on the government's motion. (Doc. 19.) The presentence investigation report classified Petitioner as a career offender under the U.S. Sentencing Guidelines § 4B1.1. This classification was based

upon Petitioner's prior felony convictions in the state of Florida for aggravated battery and possession of a short-barreled shotgun. With the career offender designation, Petitioner had a Total Offense Level of 34 and a Criminal History Category of VI, for a guideline range of 262-327 months imprisonment. Petitioner was sentenced on December 16, 2009 to 262 months imprisonment, the bottom of the guidelines range, on Count Three. (Doc. 34.) The Court sentenced Petitioner to 120 months imprisonment on Count Four, to run concurrently with Count Three. Petitioner appealed his sentence to the Eleventh Circuit on the grounds that the sentence was unreasonable, but the sentence was affirmed. *See United States v. Denson*, 387 F. App'x 926 (11th Cir. 2010).

Petitioner argues in his § 2255 petition that he is not a career criminal under U.S.S.G. § 4B1.1 because possession of a sawed-off shotgun is not a proper predicate offense. (Doc. 52.) He previously moved to amend his petition, but that motion was denied because it simply repeated the same argument with respect to the predicate offense and offered no new legal arguments or evidence. (Docs. 57, 75.) In the instant motion, however, Petitioner's argument is slightly different. He appears to acknowledge that his career offender argument is procedurally barred and asks the Court to excuse that procedural bar on the grounds that he is "actually innocent" of the career offender designation. (Doc. 80, at 2.) This argument is foreclosed by the Eleventh Circuit's decision in *McKay v. United States*, 657 F. 3d 1190 (11th Cir. 2011).

In *McKay*, the defendant pleaded guilty in March 2006 to four controlled-substance offenses, and was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because of prior felony convictions for (1) carrying a concealed weapon, a

crime of violence under the Guidelines, and (2) a controlled-substance offense. The defendant did not object to the career-offender enhancement and did not appeal. In October 2008, the defendant filed a *pro se* motion pursuant to 28 U.S.C § 2255 arguing that in light of *Begay v. United States*, 553 U.S. 137 (2008); and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), his prior conviction for carrying a concealed weapon no longer qualified as a "crime of violence" for purposes of career-offender sentencing. The defendant argued that his procedural default of the claim should be excused because he was "actually innocent" of his career offender sentence.

The district court concluded that the claim was a nonconstitutional sentencing claim that was not cognizable under § 2255 because it could have been raised on direct appeal. On appeal, the Eleventh Circuit declined to decide whether the claim was cognizable under § 2255. Instead, the Court concluded that the defendant's sentencing claim was procedurally defaulted. The Court explained that the defendant's procedural default could be excused only if one of the two exceptions to the procedural default rule applied: (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence. *McKay*, 657 F.3d at 1196. The defendant did not argue that the cause-and-prejudice exception applied, and so the Court considered whether the actual innocence exception applied to excuse the procedural default. The Court discussed the contours of the actual-innocence exception and its application in the Supreme Court and other Circuits. The Court concluded as follows:

> With these principles in mind, we face the question of whether the actual innocence of sentence exception applies to McKay's claim that he was erroneously sentenced as a career offender because one of his prior convictions does not qualify as a "crime of violence." To answer this question, we need not enter the debate regarding whether the actual

> innocence exception extends to the noncapital sentencing context. Even assuming that this exception does extend beyond the capital sentencing context, it still does not apply to McKay because his claim is one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview . . . . We thus decline to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence. In so doing, we heed the Supreme Court's instruction to exercise restraint in expanding the procedural default rule's exceptions. We also keep the actual innocence exception narrow, and ensure that this exception remains 'rare' and is only applied in the 'extraordinary case.'

*Id.* at 1198 (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

Because Petitioner's argument—that his procedural default should be excused because he is "actually innocent" of being a career offender—is foreclosed by *McKay*, the proposed amendment would be futile.

Accordingly, upon due consideration, it is **ORDERED**:

Petitioner's "Motion for Permission to Amend and/or Supplement Movant's 28 U.S.C. § 2255 to Vacate and Set Aside or Correct Sentence by a Federal Prisoner," Doc. 80, is **DENIED**.

**DONE AND ORDERED** this 26th day of December 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge