IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                                      Case Nos.:    4:09cr25/RH/GRJ
                                                                             4:11cv55/RH/GRJ
TONY EDWARD DENSON

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255. (doc. 52.)  The Government has filed a

response (doc. 63) and Defendant filed a reply. (doc. 65.)   After a careful review of the

record and the arguments presented, it is recommended that the § 2255 motion should

be denied.

## PROCEDURAL BACKGROUND

Defendant was charged on April 7, 2009 with three counts of distribution of

cocaine base and one count of possession of a firearm by a convicted felon (doc. 9)

after he made three sales of small amounts of crack cocaine to a cooperating

individual.  On April 14, 2009, the Government filed a notice advising of its intent to

seek enhanced penalties due to Defendant's criminal history which included four prior

felony convictions. (doc. 12.)  On June 12, 2009, he entered a guilty plea to Counts

Three and Four of the indictment pursuant to a written plea agreement and statement

of facts. (docs. 20, 21.) The court dismissed Counts One and Two of the indictment on the Government's motion. (doc. 19.)

The Presentence Investigation Report ("PSR") was disclosed to the defense on July 27, 2009. (doc. 24.)  Although Defendant had only sold crack cocaine, based upon the observations of the CI, he was held accountable for cocaine base, cocaine, and marijuana, the marijuana equivalency of which was 513.14 kilograms for a base offense level of 26. (doc. 42, PSR ¶ 21.)  After an upward adjustment for possession of a firearm and a downward adjustment for acceptance of responsibility, his total offense level was 25. (PSR ¶¶ 22–28.)  Defendant was classified, however, as a career offender, and with this designation his total offense level was 34 and his Criminal History Category was VI,[1] yielding a guideline range of 262–327 months imprisonment. (PSR ¶¶ 29–32; 49–51.)  There were no objections to the calculation of the guideline range. (doc. 44 at 14.)

Prior to sentencing, Defendant's court-appointed attorney, Bernard Daley, filed a sentencing memorandum urging leniency in sentencing, noting Defendant's legitimate work history, his love for his family and desire to turn his life around. (doc. 33.) Counsel also argued for the imposition of a minimum mandatory, rather than a guidelines sentence, and pointed to the sentencing disparity between defendants charged with offenses involving crack versus powder cocaine.  Finally, counsel presented a number of letters of support from Defendant's wife and children. (*id*. at 5–21.)

---

[1]Defendant also had 23 criminal history points, well in excess of the 13 needed to reach Criminal History Category VI (doc. 42, PSR at 49–51).

Sentencing was held on December 16, 2009. (doc. 44.)  Counsel again argued

for leniency and a few of Defendant's children spoke briefly.  Defendant was sentenced

to a term of 262 months imprisonment on Count Three and a concurrent term of 120

months on Count Four. (doc. 34.)  The court explained at length the considerations that

went into this sentence, noting the two prior qualifying felony convictions in paragraphs

37 and 40 of the PSR, and Defendant's extensive criminal history. (doc. 44 at 21–24.)

Defendant appealed, arguing that (1) his sentence was procedurally

unreasonable because the district court failed to adjust his guideline range based on

the Government's alleged sentencing manipulation and (2) his sentence was

substantively unreasonable in light of 18 U.S.C. § 3553(a) (doc. 51 at 4); United States

v. Denson, 387 F. App'x 926 (11th Cir. 2010).  The Eleventh Circuit rejected these

arguments and affirmed the sentence.  Specifically, the court found that the

Government's conduct in the sting operation that resulted in Defendant's arrest did not

rise to the level of extraordinary misconduct.  It further found that the district court's

sentence, at the low end of the guideline range, was the product of careful

consideration and did not represent an abuse of discretion.

In his motion to vacate, Defendant contends that he was innocent of being a

career offender and that counsel's performance was constitutionally ineffective. (see

doc. 52 at 5.)  In the supporting memorandum, Defendant raised a third ground for

relief, asserting that § 4A1.1(e) of the Sentencing Guidelines had been retroactively

amended resulting in a reduction in his guidelines range. (doc. 52-1 at 7–8.)  After the

Government filed its response and Defendant filed his reply, Defendant filed a motion to

amend/supplement, which was denied. (docs. 67, 75.)  Defendant's second motion for

permission to amend or supplement was also denied after a response by the

Government. (docs. 80, 82, 83.)  His third motion to amend or supplement was granted

and the Government responded. (docs. 98, 101.)

## LEGAL ANALYSIS

### *General Standard of Review*

Because collateral review is not a substitute for direct appeal, the grounds for

collateral attack on final judgments pursuant to § 2255 are extremely limited.  A

prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1)

violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3)

exceeded the maximum authorized by law, or (4) is otherwise subject to collateral

attack.  *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8

(11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of

constitutional rights and for that narrow compass of other injury that could not have

been raised in direct appeal and would, if condoned, result in a complete miscarriage of

justice.'"  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations

omitted).  The "fundamental miscarriage of justice" exception recognized in Murray v.

Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged

constitutional violation "has probably resulted in the conviction of one who is actually

innocent . . . ."

The law is well established that a district court need not reconsider issues raised

in a section 2255 motion which have been resolved on direct appeal.  Rozier v. United

States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel

from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See* Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Strickland, 466 U.S. at 686; Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). Strickland's two part test also applies to guilty pleas. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial. *Id.* at 59. In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 585 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315. When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely

because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369–70 (1993); <u>Allen v. Sec'y, Fla. Dep't of Corr.</u>, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Lockhart</u>, 506 U.S. at 369 (quoting <u>Strickland</u>, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. <u>Glover v. United States</u>, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

Counsel is not ineffective for failing to preserve or argue a meritless claim. <u>Freeman v. Attorney General, Florida</u>, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also* <u>Sneed v. Florida Dep't of Corrections</u>, 496 F. App'x 20 (11th Cir. 2012) (failure to preserve meritless <u>Batson</u> claim not ineffective assistance of counsel); <u>Lattimore v. United States</u>, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); <u>Brownlee v. Haley</u>, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); <u>Chandler v. Moore</u>, 240 F.3d 907 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); <u>Meeks v. Moore</u>, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for

change of venue); Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. See Chandler v. McDonough, 471 F.3d 1360, 1363 (11th

Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring

to "our clear precedent establishing that such allegations are not enough to warrant an

evidentiary hearing in the absence of any specific factual proffer or evidentiary

support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an

evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner

must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United

States, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous

claims, conclusory allegations unsupported by specifics, or contentions that are wholly

unsupported by the record.  Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir.

2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th

Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than

conclusory allegations do not warrant a hearing.  Lynn, 365 F.3d at 1239.

### *Ground One: Actual innocence of career offender status*

Defendant claims that he is actually innocent of being a career offender because

one of the two predicate offenses used to support the application of the career offender

status was not properly applied.  Defendant refers to his convictions for possession of a

firearm by a convicted felon and possession of a short barreled shotgun. (PSR ¶ 40.)

Defendant bases his argument on the Supreme Court's decision in Begay v. United

States, 553 U.S. 157 (2008), which was decided before he was even indicted in this

case.

Defendant's claim regarding the alleged misapplication of the career offender

status was not raised on appeal, and therefore it is procedurally barred.  Lynn, 365 F.3d

at 1234. In a case decided after Defendant filed his motion and after the Government filed its response, the Eleventh Circuit expressly held that a defendant's claim that he was erroneously sentenced as a career offender because one of his prior offenses does not qualify as a crime of violence is a claim of legal, rather than factual innocence, and thus fails to fall within the purview of the actual innocence exception. McKay, 657 F.3d at 1198. Defendant's actual innocence claim is thus squarely foreclosed by circuit precedent. *See also*, Hill v. United States, Case No. 12-13065, 2013 WL 5526521, at *2 (11th Cir. Oct. 8, 2013) (citing McKay).

In his supplement, Defendant argues that Spencer v. United States, 727 F.3d 1076 (11th Cir. 2013) affords him relief. He is mistaken. The Spencer court held that "a defendant who unsuccessfully raised a career offender issue at both sentencing and on direct appeal can use a timely-filed first motion under 28 U.S.C. § 2255 to pursue the same issue when an intervening case from the Supreme Court validates his argument and applies retroactively." First, Defendant did not raise a career offender argument at either sentencing or on direct appeal, and second, there is no intervening retroactive Supreme Court decision that would affect the outcome of his case. Therefore, he is not entitled to relief.

### *Ground Two: Ineffective assistance of counsel*

Defendant next asserts that counsel was constitutionally ineffective because counsel should have challenged the use of Defendant's felon in possession conviction as a predicate offense to support the application of the career offender status, citing

Begay, *supra*, United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), and now

Spencer, *supra*.

Counsel is not constitutionally ineffective for his failure to make a frivolous

objection.  *See* Freeman, Lattimore, Brownlee, *supra*.  The commentary to note § 4B1.2

provides – and has provided since Amendment 674 became effective in 2004 – that a

crime of violence "does not include the offense of unlawful possession of a firearm by a

felon *unless the possession was of a firearm described in 26 U.S.C. § 5845(a)*," and

that possession of a firearm described in 26 U.S.C. § 5845(a), which includes a sawed

off shotgun or sawed off rifle, is a crime of violence, regardless of the individual's status

as a convicted felon.  U.S.S.G. § 4B1.2, comment (n.1) (emphasis added).  Defendant's

state convictions for being a felon in possession of a short barreled shotgun was

properly considered predicate offenses for application of the enhancement.  Counsel,

therefore, was not constitutionally ineffective for his failure to object.[2]

***Ground Three: Application of retroactive Guidelines Amendment***

Defendant claims that two criminal history points must be removed from his

criminal history due to a subsequent guidelines amendment.  Specifically, he refers to

paragraph 50 of the PSR, in which two additional points were added pursuant to

---

[2] Defendant cites United States v. McGill, 618 F.3d 1273 (11th Cir. 2010) for the proposition that a prior Florida conviction for possessing a short barreled shotgun is not a violent felony.  The McGill court's decision was made in reference to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), not the guidelines. And in any event, counsel's failure to predict a change in the law, to the extent there was one, is not constitutionally ineffective. See  Marquard v. Secretary, Dept. Of Corrections, 429 F.3d 1278 (11th Cir. 2005) (*citing* Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994)); United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001).

§4A1.1(d) because Defendant was on probation at the time he committed the offense in this case. Defendant refers to a proposed amendment in which Congress eliminated the recency points from a defendant's Criminal History." The Amendment to which he refers is Amendment 742, not Amendment 5. This Amendment struck the former subsection 4A1.1(e), which added two points if a defendant committed an offense less than two years after release from imprisonment. Amendment 742 is not retroactive. *See* U.S.S.G. § 1B1.10(c). Furthermore, § 4A1.1(d) still provides that two criminal history points are to be added if a defendant committed the charged offense conduct while on probation, as Defendant was in this case. And, because Defendant was sentenced as a career offender his Criminal History Category automatically became VI regardless of the point calculation. Finally, even if this Amendment was somehow applicable and the career offended enhancement did not apply, an adjustment to Defendant's criminal history points from 23 points down to 21 would have no effect on his Criminal History Category of VI. Accordingly, Defendant is not entitled to relief.

## Conclusion

For all of the foregoing reasons, the court concludes that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 52) should be **DENIED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 18th day of October, 2013.

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).