IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASES NO. 4:09cr25-RH/GRJ
     4:11cv55-RH/GRJ

TONY EDWARD DENSON,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION AND GRANTING A CERTIFICATE OF APPEALABILITY

The defendant Tony Edward Denson has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 102, and the objections, ECF No. 104. I have reviewed *de novo* the issues raised by the objections.

The report and recommendation concludes that the § 2255 motion should be denied. This order accepts the report and recommendation.

Mr. Denson was sentenced as a career offender. One of the predicate convictions that led to career-offender treatment was for possessing a short-barreled shotgun. Mr. Denson asserts that his attorney rendered ineffective

assistance by failing to object. But under the law of the circuit as it now stands, possessing a short-barreled shotgun is a "crime of violence" within the meaning of the career-offender guideline. *See United States v. Hall*, 714 F.3d 1270, 1274 (11th Cir. 2013).

*Hall* based its holding on an application note to the relevant guideline: "Unlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (e.g., a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun) is a 'crime of violence.' " U.S. Sentencing Guidelines Manual § 4B1.2 cmt. n.1 (2013). Mr. Denson was convicted of violating Florida law, not federal law, by possessing a short-barreled shotgun, but the governing definition is the same: a shotgun with a barrel under 18 inches or an overall length under 26 inches. *See* Fla. Stat. § 790.001(10).

To be sure, the Eleventh Circuit held earlier that possessing a short-barreled shotgun is not a "violent felony" within the meaning of the armed-career-criminal statute, 18 U.S.C. § 924(e). *See United States v. McGill*, 618 F.3d 1273 (11th Cir. 2010). The court has often noted that the definitions of a "violent felony" under § 924(e) and a "crime of violence" under the career-offender guideline are virtually identical. *See, e.g.*, *Hall*, 714 F.3d at 1272 (collecting cases). Without more, this would call for treating a short-barreled-shotgun conviction the same under the

career-offender guideline and under § 924(e). But the application note on a short-barreled shotgun applies only to the career-offender guideline, not to § 924(e).

One could argue that the application note is invalid. The term "crime of violence," as used in the career-offender guideline, originated in a statute requiring the Sentencing Commission to adopt such a guideline. *See* 28 U.S.C. § 994(h). Another statute with virtually the same language—§ 924(e)—has been held not to apply to possessing a short-barreled shotgun. *See McGill*, 618 F.3d at 1279. A guideline or application note is invalid if it is based on, but inconsistent with, a statute. *See, e.g.*, *United States v. LaBonte*, 520 U.S. 751 (1997) (striking down a career-offender guideline as inconsistent with § 994(h)).

The argument does not avail Mr. Denson for two reasons. First, despite *McGill*, the Eleventh Circuit held in *Hall* that the application note is binding under the career-offender guideline. *Hall* may or may not withstand the test of time, but it is the law of the circuit, at least for now. And second, Mr. Denson was sentenced before the decisions in *McGill* and *Hall*. Mr. Denson's attorney did not render ineffective assistance by failing to anticipate *McGill*, especially in light of the later holding that *McGill* does not apply under the career-offender statute.

It bears noting, too, that if indeed the application note is inconsistent with the statutes as interpreted in *McGill*, the proper conclusion is probably that *McGill*

was incorrectly decided, not that the application note is invalid and that *Hall* was incorrectly decided.

The bottom line is this: Mr. Denson is not entitled to relief on his claim that his attorney rendered ineffective assistance by failing to object to treating his short-barreled-shotgun conviction as a career-offender predicate offense. As correctly set out in the report and recommendation, Mr. Denson also is not entitled to relief on his other claims.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Mr. Denson has made the required showing on only one claim: the short-barreled-shotgun claim as addressed in this order. The claim is foreclosed by the law of the circuit; jurists of reason could not disagree. But jurists of reason *could* disagree on whether the law of the circuit is correct. Without a certificate of appealability, a defendant who has a good-basis for challenging the law of the circuit by seeking *en banc* review or review by the Supreme Court could never do so. The Supreme Court has taken at least one case—and probably others—that got there only because a district court issued a certificate of appealability in the face of settled—but fairly debatable—circuit precedent. *See Lawrence v. Florida*, 549 U.S. 327 (2007). This order thus grants a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion, ECF No. 52, for relief under 28 U.S.C. § 2255 is DENIED."

2. A certificate of appealability is granted on this issue: whether the defendant's attorney rendered ineffective assistance by failing to object to treating as a career-offender predicate offense the defendant's conviction for possessing a short-barreled shotgun.

3. Leave is granted to proceed on appeal *in forma pauperis*.

SO ORDERED on December 9, 2013.

s/Robert L. Hinkle<br>United States District Judge